UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
DMITRI ORTIZ,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK,
DETECTIVE MICHAEL PLUNKETT (TAX NO. 924346),
DETECTIVE ANTHONY DAVILA (SHIELD NO. 5499), and
DETECTIVE BRIAN ILLUND (SHIELD NO. 00113),

                              Defendants.
-------------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**16 CV 0852 (FB) (RER)**

**JURY TRIAL DEMANDED**

Plaintiff, DMITRI ORTIZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in Kings County, in the State of New York.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DMITRI ORTIZ, is, and has been, at all relevant times, a resident of Kings County in the City and State of New York.

7. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8. At all relevant times hereinafter mentioned, defendant, DETECTIVE MICHAEL PLUNKETT (TAX 924346), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned Detective Plunkett was assigned to the 299 Command which, upon information and belief, is the Detective Squad of the 81st Precinct. Detective Plunkett is currently assigned to the 81st Precinct. Detective Plunkett is sued herein in his official and individual capacities.

9. At all relevant times hereinafter mentioned, defendant, DETECTIVE ANTHONY DAVILA (Shield No. 5499), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned Detective Davila was assigned to the Brooklyn Warrant Squad. Detective Davila is sued herein in his official and individual capacities.

10. At all relevant times hereinafter mentioned, defendant, DETECTIVE BRIAN ILLUND (Shield No. 0113), was an individual employed by the City of New York as a member of the

NYPD. At all times hereinafter mentioned Detective Illund was assigned to the Brooklyn Warrant Squad. Detective Illund is sued herein in his official and individual capacities.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

14. On or about September 5, 2015, at approximately 9:00 a.m., plaintiff DMITRI ORTIZ, was lawfully present inside of his apartment, located at 969 Gates Avenue, in the County of Kings, City and State of New York.

15. At this time, Mr. Ortiz and his infant son were asleep in the same room.

16. At or about that time and place, the defendants arrived on duty, in plainclothes, and forcibly entered the plaintiff's apartment without any warrant or authority to do so, searched the apartment with their guns drawn, and – with their guns drawn – entered the room where Mr. Ortiz and his infant son were sleeping.

17. The defendants were not invited into the premises nor was their entry consented to by the plaintiff, or any other individuals authorized to so consent.

18. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

19. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiff asked while the parties were still inside of the premises.

20. Plaintiff was then handcuffed and searched by the defendants to also continued to search the premises.

21. Plaintiff was not engaged in any suspicious or illegal activity, and the search revealed no evidence of any guns, drugs, or contraband.

22. Plaintiff was then taken to the station house of a local area precinct where he was held for several hours and searched.

23. The search revealed no evidence of any guns, drugs, or contraband.

24. Plaintiff was eventually transferred to Kings County Central Booking where he was held for several more hours.

25. Plaintiff was eventually arraigned on a criminal complaint made on the basis of false allegations supplied defendant Plunkett.

26. Pursuant to these false statements, false information, and fabricated evidence, plaintiff was charged with one count of Menacing in the Second Degree and one count of Menacing in the Third Degree.

27. These charges were made on the basis of false allegations sworn to by defendant Plunkett.

28. Defendant Plunkett provided these false statements to the Kings County District Attorney's Office knowing that there was no basis to support these allegations.

29. These and other allegations, information, and evidence, were false and the defendants knew them to be false when he made them.

30. At plaintiff's arraignment, plaintiff was released from custody but was forced to make several court appearances over the course of several months pursuant to the false allegations

before his charges were dismissed.

31. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

32. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

33. The factual allegations and testimony sworn to by defendant Plunkett were materially false and deliberately made to justify the illegal arrest of plaintiff.

34. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

35. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

36. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

37. Plaintiff DMITRI ORTIZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

40. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff

without probable cause, and without a reasonable basis to believe such cause existed.

41. Defendants misrepresented and falsified evidence before the Kings County District Attorney and Grand Jury.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

51. By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

53. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. The NYPD Defendants arrested, searched, and incarcerated plaintiff DMITRI ORTIZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

7

    iv. failing to properly train police officers in the requirements of the United States Constitution.

58. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, TAMPA SCOTT.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

63. Defendants, collectively and individually, while acting under color of state law, were directly

and actively involved in violating the constitutional rights of plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 21, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020